UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES A. SCOBLE,

Petitioner,

v. Case No. 8:25-cv-1687-JLB-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

Respondent.
_______________________________/

**ORDER DISMISSING PETITION**

Charles A. Scoble, a Florida prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus (petition) (Doc. 1) and a memorandum in support. (Doc. 2). Respondent filed a response (Doc. 9) in which he moved to dismiss the petition as time-barred. Petitioner responded. (Doc. 11). After careful review, the Court grants Respondent's motion to dismiss because the petition is time-barred.

## I. Procedural Background

On November 2, 2012, Mr. Scoble was convicted of first-degree murder and aggravated child abuse. (Doc. 10–2 at 1201). He was sentenced to life in prison. (*Id.* at 1208). His judgment of conviction was affirmed on appeal on March 13, 2015. (*Id.* at 1329).

On April 20, 2017, Mr. Scoble, through counsel, filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. (*Id.* at 1342–60). After the post-conviction court denied the Rule 3.850 motion, the appellate court affirmed on May 21, 2025 (*id.* at 1931) and issued its mandate on June 25, 2025. (*Id.* at 1933). Mr. Scoble filed his federal habeas petition and memorandum in support on June 23, 2025. (Docs. 1 & 2).

## II. Discussion

Respondent moves to dismiss the petition as time-barred. (Doc. 9). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations within which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). Section 2244(d)(1) provides:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of the AEDPA, the relevant one-year limitations period applicable here runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). And under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Mr. Scoble's judgment was affirmed on March 13, 2015. (Doc. 10−2 at 1329). Thus, his judgment of conviction became final 90 days later, on Thursday, June 11, 2015. *See Chavers v. Secretary, Florida Dept. of Corrections*, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" after the expiration of the 90–day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate) (citing *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (judgment became "final" ninety days after state supreme court denied defendant's motion for rehearing)). Thus, the AEDPA statute of limitations started the next day, Friday, June 12, 2015.

The limitations period ran for 365 days and expired on Monday, June 13, 2016. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("Under Fed. R. Civ. P. 6(a)(1), 'in computing any time period specified in . . . any statute that does not specify a method of computing time . . . [we must] exclude the day of the event that triggers the period[,] count every day, including intermediate Saturdays, Sundays, and legal holidays[, and] include the last day of the period,' unless the last day is a Saturday, Sunday, or legal holiday."). Mr. Scoble's Rule 3.850 motion was filed on April 20, 2017 (Doc. 10–2 at 1342–60), after the one-year limitations period expired on June 13, 2016. Thus, the motion had no tolling effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that a state court post-conviction petition "that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))). Consequently, the federal habeas petition, filed on June 23, 2025, is untimely.

A. Mr. Scoble is not entitled to equitable tolling of the limitations period

In his reply (Doc. 11), Mr. Scoble contends that his petition is not time-barred because he is entitled to equitable tolling of the AEDPA's limitations period. To establish that equitable tolling applies, a petitioner

must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must also "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin*, 633 F.3d at 1267. The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. "As an extraordinary remedy, equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014).

Mr. Scoble first argues that his "counsel withdrew from the case without explaining to [him] what he had to do in order to maintain his 1-year time requirement for Federal Habeas time line." (Doc. 11 at 2). But he provides no case law showing that either trial counsel or appellate counsel has a duty to explain the time limits on post-conviction or federal habeas proceedings, and this Court is not aware of any. And even if trial counsel or appellate counsel had such a duty, the failure to advise Mr. Scoble about the time limits would be attorney negligence that is insufficient to warrant equitable tolling. *See Holland,* 560 U.S. at 652 ("[A] garden variety claim of excusable neglect . . . such as a simple 'miscalculation' that leads a lawyer to

miss a filing deadline . . . does not warrant equitable tolling."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) ("[P]etitioner is not entitled to equitable tolling because his attorney misinformed him about the AEDPA's statute of limitations."). Moreover, mere ignorance of deadlines is not an extraordinary circumstance that warrants application of equitable tolling of the AEDPA's limitations period. *See Felder v. Johnson*, 204 F.3d 168, 172–73 & n. 10 (5th Cir. 2000) (citing cases), *cert. denied*, 531 U.S. 1035 (2000) (holding that ignorance of law and *pro se* status are insufficient to toll statute of limitations).

Mr. Scoble next argues that his "trial attorney failed to notify him that he would be withdrawing from his case, and this failure left [him] with no time to hire a new attorney or to contest the withdrawal. This left [him] with no way of addressing his federal time." (Doc. 11 at 2). But this argument is insufficient to warrant equitable tolling because it is conclusory and supported with no specific facts or time frame. *See San Martin*, 633 F.3d at 1271 ("An evidentiary hearing [on equitable tolling] may be necessary where the material facts are in dispute, but a petitioner is not entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics." (quoting *Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006))). Moreover, the Public Defender's Office represented Mr. Scoble both at trial and on appeal. (Doc. 10−2 at 4, 12, 110,

1219). Thus, even if his trial attorney no longer consulted with him, he could have "address[ed] his federal time" with appellate counsel. Finally, in his "Motion to Extend Time for Filing Amendment to 3.850 Motion", Mr. Scoble informed the state post-conviction court that "shortly after [his] appeal was denied, his family . . . worked collectively to gather sufficient funds to retain private counsel to investigate, prepare, file and litigate a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 . . . ." (*Id*. at 1337). Thus, "shortly" after his direct appeal, Mr. Scoble knew he needed to retain new counsel to prepare a post-conviction motion.[1] Therefore, his assertion that trial counsel's failure to notify him that he was withdrawing "left [him] with no time to hire a new attorney" is belied by the record.

Mr. Scoble next asserts that cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012) excuses the time-bar. (Doc. 11 at 2–3). However, "the equitable rule in *Martinez* 'applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding' and 'has no application to the operation or tolling of the § 2244(d) statute of limitations' for filing a § 2254 petition." *Lambrix v. Sec'y, Fla. Dep't of Corrs.*, 756 F.3d 1246, 1249 (11th

[1] Not to mention that Mr. Scoble could have filed a *pro se* Rule 3.850 motion before the AEDPA's limitations period elapsed.

Cir. 2014) (citation omitted). Thus, Mr. Scoble's *Martinez* argument warrants neither equitable tolling nor an exception to the time-bar.

B. Section 2244(b) is not unconstitutional

Finally, Mr. Scoble contends that the one-year limitations period under 28 U.S.C. § 2244(d) is unconstitutional because a Florida prisoner must satisfy the one-year limitations requirement even though Florida Rule of Criminal Procedure 3.850 allows Florida prisoners two years to file a post-conviction motion. (Doc. 11 at 4-5). He asserts that this "requires a prisoner on initial collateral review to know the law and to know the rules and be ready to exercise his state rights and at the same time protect his federal rights." (*Id.*). He argues that the federal limitations period should commence after "he has filed a properly filed State court claims (sic)." (*Id.* at 5).

The differing limitations periods established by section 2244(d)(1) and Florida Rule 3.850 do not render AEDPA's statute of limitations unconstitutional. Federal courts in this circuit have consistently enforced AEDPA's one-year period against Florida prisoners despite Florida's separate two-year Rule 3.850 deadline. S*ee, e.g.*, *Tinker*, 255 F.3d at 1334-35 (rejecting petitioner's argument that section 2244(d) forced him to make an "impermissible choice" between seeking relief under Florida Rule of Criminal Procedure 3.850 or federal habeas relief); *Cole v. Fla.*, 2026 WL 1219981, at

*2 (N.D. Fla. Jan. 26, 2026), *report and recommendation adopted*, 2026 WL 1213150 (N.D. Fla. May 4, 2026) ("[A] Florida state inmate must satisfy the one-year AEDPA limitations requirement even though Florida Rule of Criminal Procedure 3.850 allows state defendants two years to file a postconviction motion."). And neither the Supreme Court nor the Eleventh Circuit has suggested that the difference between those deadlines renders AEDPA's statute of limitations unconstitutional. *See, e.g., Pace*, 544 U.S. at 416 (2005) (recognizing that a state prisoner concerned about preserving his federal remedies while attempting to exhaust his state remedies can file a "protective" habeas "petition in federal court . . . asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."); *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008) ("[O]ur precedent provides that federal habeas petitioners who rely upon the timeliness of state post-conviction proceedings to satisfy the requirements of AEDPA do so at their peril.").

In sum, the instant petition is untimely, and because Mr. Scoble fails to qualify for an exception to the time bar, it will be dismissed.

Accordingly, it is **ORDERED** that:

1. Respondent's motion to dismiss the petition (Doc. 9) is **GRANTED**. The petition (Doc. 1) is **DISMISSED** as time-barred.

2. The Clerk is directed to enter judgment against Mr. Scoble,

terminate any pending motions and deadlines, and close this case.

## CERTIFICATE OF APPEALABILITY

Mr. Scoble is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a COA, Mr. Scoble must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Mr. Scoble cannot satisfy the second prong of the *Slack* test. And because Mr. Scoble is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED in Tampa, Florida, on November 23, 2026.**

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE